### IN RE EDWIN MUENCH, EX PARTE.

PARENT AND CHILD—ILL TREATMENT BY STEPMOTHER.

A father cannot be deprived of the custody of his child on account of cruel and unlawful punishment inflicted by a step-mother in his absence, unless it appears that the father countenanced or encouraged such ill-treatment.

HEARD ON ERROR.

GIFFEN, J.

While the court below found that the child had been cruelly treated by his stepmother, it does not appear that it was done with the knowledge or approval of the father; but the custody of the child was taken from the father and given to the grandmother until September 1, 1900, when the father was to be reinvested with it. This order seems to have been made with a view of punishing the father for permitting the step-mother to mistreat the child, for if the father was an unfit person to have the custody and control of his child, it does not appear that he will be better qualified on September 1. We doubt if such interference in the government of the family by writ of *habeas corpus* should be encouraged and upheld; but, on the other hand, believe that it would be pro-

In re Muench.

ductive of much mischief. If the stepmother, in the absence of the father, cruelly and unlawfully punishes the child, she in turn may be punished under the statutes of this state, and unless the father countenances or encourages such ill treatment he ought not to be deprived of the custody of the child in favor of one who has no legal claim thereto.

We think the evidence fails to show that the welfare of the child required that he be removed from the care and control of his father; yet we are satisfied that kind and patient treatment, rather than corporal punishment, would better teach him to respect and obey his parents.

The judgment will be reversed.

*Ed. M. Spangenberg*, for the petitioner.

*August H. Bode*, contra.

---

## WILLS—RECEIVERS—ERROR.